IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Yuyu SUN (A77-188-129) and<br>Minghua MA (A98-728-129)<br>6800 Gabion Drive<br>Austin, TX 78749 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | Civil No. _____ |
| Michael CHERTOFF, Secretary,<br>U.S. Dept. of Homeland Security<br>425 Murray Drive, Bldg. 410<br>Washington, DC 20528 | : | |
| | : | |
| Emilio T. GONZALEZ, Director, U.S.<br>Citizenship & Immigration Services<br>20 Massachusetts Ave., N.W.<br>Washington, DC 20529 | : | |
| | : | COMPLAINT CHALLENGING |
| | : | AGENCY ACTION AS |
| Evelyn UPCHURCH, Director,<br>USCIS Texas Service Center<br>4141 N. St. Augustine Road<br>Dallas, TX 75227 | : | *ULTRA VIRES* AND TO COMPEL<br>AGENCY ACTION; PETITION<br>FOR WRIT OF *MANDAMUS* |
| | : | |
| Sharon HUDSON, District Director,<br>USCIS San Antonio District Office<br>8940 Fourwinds Drive<br>San Antonio, TX 78239 | : | |
| | : | |
| Robert S. MUELLER, III, Director,<br>Federal Bureau of Investigation,<br>935 Pennsylvania Ave., N.W.<br>Washington, DC 20535 | : | |
| | : | |
| in their official capacities, | : | |
| | : | |
| Defendants | : | |

<u>PRELIMINARY STATEMENT</u>

1.  This is a civil action challenging federal administrative agencies' policies, procedures and interpretations of law as *ultra vires*, and seeking to compel agency action unreasonably delayed, pursuant to 5 U.S.C. § 555(b) and § 706(1), with an alternative petition for *mandamus* relief, pursuant to 28 U.S.C. § 1361.

2.  Plaintiffs Sun and Ma have filed Applications for Adjustment of Status to become Lawful Permanent Residents, but the Defendants have refused or willfully failed to process or adjudicate Plaintiffs' Applications for several years. Plaintiffs have made attempts to have Defendants adjudicate their Applications.  Plaintiffs have no other administrative remedy available to compel Defendants to act.  Defendants' willful failure to adjudicate Plaintiffs' Applications causes irreparable harm to Plaintiffs by depriving them of the ability to establish permanent residency in the United States.

3.  Defendants have continually refused or failed to perform statutory and regulatory duties owed to the Plaintiffs. Accordingly, Plaintiffs are seeking injunctive and *mandamus* relief arising out of the unlawful and unreasonably delayed actions of the Defendants.

JURISDICTION

4.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under the laws of the United States, particularly *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003), 8 U.S.C. § 1103, § 1105, § 1255, 28 U.S.C. § 534(a)(4), and related agency regulations.

5.    This Court also has jurisdiction to issue a writ of *mandamus* to compel agency action under 28 U.S.C. § 1361, as the Plaintiffs' claims are against officers and employees of the United States and agencies thereof.

6.    There are no administrative remedies available to Plaintiffs to redress their grievances described in this Complaint.  This action challenges the Defendants' procedural policies, practices, interpretations of law and their failure to act, not the discretionary granting or denial of individual petitions or applications.  Therefore, the jurisdictional limitations under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252 do not apply.

VENUE

7.    Venue lies in the District of Columbia under 28 U.S.C. § 1391(e)(1), as this is an action against officers and employees of the United States acting in their official

3

capacities, brought in the district where several of the
Defendants reside.  Defendants Chertoff, Gonzalez and Mueller
all perform a significant amount of their official duties and
maintain their offices in the District of Columbia.

8.  Venue also properly lies within the District of
Columbia, pursuant to 28 U.S.C. § 1391(e)(2), as a substantial
part of the events giving rise to the Plaintiffs' claims
occurred in this district.  The policies, practices and
interpretations of law giving rise to the Plaintiffs' claims
were issued by, or under the direction of, Defendants Chertoff,
Gonzalez and Mueller, all of whom maintain their headquarters in
the District of Columbia.

PARTIES

9.  Plaintiff Sun is a citizen of China and an applicant
for adjustment of status, residing in Austin, Travis County,
Texas.

10.  Plaintiff Ma is a citizen of China and the spouse of
Plaintiff Sun.  Plaintiff Ma is an applicant for adjustment of
status, residing in Austin, Travis County, Texas.

11.  Defendant Chertoff is the Secretary of the Department
of Homeland Security (DHS), whose office address is DHS, 245
Murray Lane, Building 410, SW, Washington, D.C. 20528.

12.  Defendant Gonzalez is the Director of the U.S.
Citizenship and Immigration Services (USCIS), a subdivision of

DHS, whose office address is USCIS, 20 Massachusetts Ave., NW, Washington, D.C. 20529.

13.   Defendant Upchurch is the Director of the USCIS Texas Service Center, whose office address is USCIS Texas Service Center, 4141 North St. Augustine Road, Dallas, TX 75227.

14.   Defendant Hudson is the District Director of the USCIS San Antonio District Office, whose office address is USCIS San Antonio District Office, 8940 Fourwinds Drive, San Antonio, TX 78239.

15.   Defendant Mueller is the Director of the Federal Bureau of Investigation (FBI), whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

16.   Each Defendant is sued in his or her official capacity.  Defendants Chertoff, Gonzalez, Upchurch and Hudson are responsible for the adjudication, grant and denial of Applications for Adjustment of Status, pursuant to *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003), 8 U.S.C. § 1103, 8 U.S.C. § 1255, 8 C.F.R. § 2.1, 8 C.F.R. § 103.1(a) and 8 C.F.R. Part 245.  Defendant Mueller is responsible for providing criminal background information, if any, and name verification records relating to aliens within the United States, including applicants for Adjustment of Status, pursuant

to 28 U.S.C. § 534(a)(4), 8 U.S.C. § 1105(b), 8 U.S.C.
§ 1182(a)(2), 8 U.S.C. § 1227(a)(2) and 28 C.F.R. §§ 20.31 and
28 C.F.R. § 20.33(a)(2).

<u>STATEMENT OF THE CASE</u>

17. On or about February 18, 2005, Plaintiff Sun completed
and filed an Application for Adjustment of Status on Form I-485
with the USCIS Texas Service Center along with the appropriate
filing fee of $385, applying to become a permanent resident of
the United States. On or about February 22, 2005, the USCIS
Texas Service Center issued Form I-797 to Plaintiff Sun,
indicating receipt of Plaintiff Sun's Form I-485. Plaintiff's
alien identification number is A77-188-129.

18. On or about February 18, 2005, Plaintiff Ma completed
and filed an Application for Adjustment of Status on Form I-485
with the USCIS Texas Service Center along with the appropriate
filing fee of $385, applying to become a permanent resident of
the United States as a derivative beneficiary under her spouse's
I-485 Application. On or about February 22, 2005, the USCIS
Texas Service Center issued Form I-797 to Plaintiff Ma,
indicating receipt of Plaintiff Ma's Form I-485. Plaintiff's
alien identification number is A98-728-129.

19. On or about May 3, 2005, the Texas Service Center
transferred Plaintiff Sun's and Plaintiff Ma's I-485
Applications to the USCIS San Antonio District Office.

20.  On or about June 24, 2005, Plaintiffs Sun and Ma followed the instructions issued by USCIS and appeared at the USCIS Application Support Center in San Antonia, Texas. Plaintiffs provided to a USCIS official Plaintiffs' biometric data, including impressions of Plaintiffs' fingerprints.

21.  On or about November 28, 2005, Plaintiffs appeared for an interview in connection with their Applications at the USCIS San Antonio District Office.  On said day, Plaintiffs were interviewed by an officer of USCIS, one Rudy Faz (DAO No. 23), under the direction and authority of Defendant Hudson.  Officer Faz informed Plaintiff Sun that Plaintiff's administrative file had been lost, misplaced or otherwise destroyed by unknown officers, agents or employees of USCIS.

22.  Officer Faz also informed Plaintiff Ma that Plaintiff's case could not be approved without a prior adjudication of Plaintiff Sun's Application.

23.  Plaintiffs have been unable to move Defendants to adjudicate their I-485 Applications.  Attempts by Plaintiffs to have their Applications adjudicated through status inquiries have failed to move the Defendants to act.  Plaintiffs have exhausted their administrative remedies.

24.  Defendants have failed or willfully refused to adjudicate or otherwise process Plaintiffs' I-485 Applications for over two years.  The USCIS published processing time for

I-485 Applications is just over seven months, 72 Fed. Reg. 4888, 4893 (USCIS) (Proposed Rule) (Feb. 1, 2007), which leaves the processing of Plaintiffs' Applications nearly one and one-half years behind the processing schedule for similar Applications.

25.  The Defendants' failure to adjudicate Plaintiffs' I-485 Applications for over two years prevents and delays Plaintiffs' ability to seek naturalization to become United States citizens, as naturalization applicants must reside continuously in the United States as permanent residents for five years prior to filing a naturalization application, pursuant to 8 U.S.C. § 1427(a).

26.  Upon information and belief, the FBI has failed to issue to USCIS the results of criminal background checks and/or name checks relating to the Plaintiffs in connection with the Plaintiffs' Applications.

CAUSES OF ACTION

Count I

*(Non-statutory Action for Non-monetary Relief)*

27.  Plaintiff incorporates paragraphs 1 through 26 as if fully stated in this count.

28.  The policies, procedures and interpretations of law that have caused or given rise to Defendants' failure to adjudicate Plaintiffs' Applications are *ultra vires.*

8

29.  Defendants have disregarded specific and unambiguous statutory directives to adjudicate Plaintiffs' Application.

## Count II

### *(Violation of Administrative Procedure Act)*

30.  Plaintiffs incorporate paragraphs 1 through 26 as if fully stated in this Count.

31.  Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

(a) "unlawfully withheld or unreasonably delayed," under 5 U.S.C. § 706(1);

(b) not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 U.S.C. § 555(b);

(c) "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 U.S.C. § 706(2)(A); and

(d) "without observance of procedures required by law," under 5 U.S.C. § 706(2)(D).

32.  As a result, Plaintiffs have suffered irreparable harm entitling them to injunctive and other relief.

Count III

*(Petition for Writ of Mandamus)*

33.   Plaintiffs incorporate paragraphs 1 through 26 as if fully stated in this Count.

34.   Defendants are charged with a duty to administer and enforce the *Immigration and Nationality Act*, as amended by *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003). Defendants Chertoff, Gonzalez, Upchurch and Hudson have sole responsibility for the adjudication of Applications for Adjustment of Status filed under 8 U.S.C. § 1255. Defendant Mueller has sole responsibility to provide criminal background and name verification records to USCIS officials, pursuant to 8 U.S.C. § 1105(b) and 28 U.S.C. § 534(a)(4). Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

35.   Plaintiffs have a clear right to have their Applications adjudicated pursuant to the *Immigration and Nationality Act*, as amended.

36.   Plaintiffs have no administrative remedies available to compel Defendants to perform their statutory and regulatory duties.

37.   Pursuant to 28 U.S.C. § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiffs

so that Plaintiffs may be promptly informed of the outcome of their Applications.

Count IV

*(Equal Access to Justice Act)*

38.  Plaintiffs incorporate paragraphs 1 through 37 as if fully stated in this count.

39.  If Plaintiffs prevail, they will seek attorney's fees and costs, pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412.

RELIEF REQUESTED

40.  WHEREFORE, Plaintiffs pray that this Court:

(a) Preliminarily and permanently enjoin Defendants from failing to perform a timely adjudication of Plaintiffs' Applications;

(b) Order Defendants Chertoff, Gonzalez, Upchurch and Hudson to perform their duties and immediately adjudicate Plaintiffs' Applications;

(c) Order Defendant Mueller to perform his duty and immediately issue the results of criminal background checks and/or name checks to USCIS relating to Plaintiffs;

(d) Award the Plaintiffs attorney's fees and costs under the *Equal Access to Justice Act*; and

(e) Grant such other relief as the Court deems just, equitable and proper.

Respectfully Submitted this _6th_ day of _APRIL_ , 2007.


_____
Thomas K. Ragland
Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036
202-483-0053
D.C. Bar No. 501021



_____
H. Ronald Klasko
Klasko, Rulon, Stock & Seltzer, LLP
1800 J.F. Kennedy Blvd., Suite 1700
Philadelphia, PA  19103
215-825-8600
PA Attorney No. 20384

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Yuyu Sun and Minghua Ma

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Travis County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland  202-483-0053
Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036

**DEFENDANTS**

Michael Chertoff, Emilio T. Gonzalez, Evelyn Upchurch, Sharon Hudson and Robert S. Mueller, III, in their official capacities.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 555(b), 706(1)

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND: | YES ☐    NO ☒ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  4/6/07    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.